UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff,                      Case Number 15-20220

v.                                                 Honorable David M. Lawson

GUILLERMO FELIX-MARQUS,

                        Defendant.

_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS
## COUNT II OF THE INFORMATION

Title 18, section 111(a)(1), United States Code states that a person is guilty of a felony if he "forcibly assaults, resists, opposes, intimidates or interferes with [a federal law enforcement officer] . . . where such acts involve physical contact with the victim of that assault." Defendant Guillermo Felix-Marqus, who is charged in count II of an information with such a felony, has moved under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) to dismiss count II on the ground that the defendant is not charged therein with "assaulting" any of the agents and, according to the affidavits offered in support of the complaint in this case, any physical contact between the defendant and the agents was initiated by the agents and not the defendant. The defendant ultimately may have a good point, if the facts eventually fall his way. But at this stage of the case, the focus must be confined to the pleadings — here, the information — which contains allegations that make out the felony offense charged under 18 U.S.C. § 111(a). Therefore, the Court will deny the motion to dismiss count II of the information.

I.

This case was initiated by a complaint issued by Magistrate Judge R. Steven Whalen on March 30, 2015. The affidavit filed in support of the complaint states that on March 20, Immigration and Customs Enforcement (ICE) agents traveled to Romeo, Michigan to search for the defendant, whom they suspected of being a deported alien who had reentered the country illegally. At 8:30 that morning, the agents spotted the defendant driving his car and attempted to pull him over, using their lights and sirens. The defendant did not stop; he headed for his residence. A second agent joined the effort. The defendant parked his car and jumped out, running from the agents on foot. The agents were wearing clothing marked with "Police" and "ICE" designations. The affidavit recites that one of the agents "contacted FELIX-Marqus at the front door of the residence and attempted to place him in custody." The defendant did not comply; he "pull[ed] his arms away." The defendant was able to enter his house with the agent in tow: "both FELIX-Marqus and the officer fell into the house and onto the couch." As additional agents entered the house, the defendant still was noncompliant, refusing to put his hands behind him while he was on the couch. But he was arrested and transported to a federal facility.

The defendant was charged in a two-count information with an immigration violation and assaulting a federal agent. Count II of the information charges that on March 20, 2015, defendant Guillermo Felix-Marqus

> did forcibly resist and oppose officers of the Department of Homeland Security, Immigrations and Customs Enforcement while they were engaged in the performance of their official duties, and during such resistance and opposition, the defendant['s] actions resulted in physical contact with said officers, agents, and those others who assisted the officers and agents, during the defendant's apprehension and arrest.

-2-

Information (citing 18 U.S.C. § 111(a)(1)).  The defendant contends essentially that the information purports to charge a felony offense of forcible resistance involving "physical contact," where the facts alleged and to be presented at trial support only a misdemeanor charge.  The felony designation in count II, he argues, should be dismissed.

## II.

Federal Rule of Criminal Procedure 12 states that a defendant may move before trial to dismiss an information or any count of it that "fail[s] to state an offense."  Fed. R. Crim. P. 12(b)(3)(B)(v).  However, a motion under this rule is appropriate only if "the court can determine [it] without a trial on the merits."  Fed. R. Crim. P. 12(b)(1).

"'[A]n indictment [or information] sufficiently states an offense if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)).  Where the information "clearly track[s] the language of the statute," it sufficiently "contain[s] the elements of the offense."  *Ibid.*  Where the charging language includes "the relevant time period and the specific event that triggered the charge," the defendant will "accordingly be able to adequately plead an acquittal or conviction in bar of any future prosecutions arising from the same offense," and the second requirement under *Hamling* will be met.  *Ibid.*  "[C]ourts evaluating motions to dismiss [an information for failure to state an offense] do not evaluate the evidence upon which the [information] is based."  *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001) (citing *Costello v. United States*, 350 U.S. 359,

362-63 (1956); *United States v. Powell*, 823 F.2d 996, 999-1001 (6th Cir.1987); *United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982)).

> Section 111 of Title 18 of the United States Code states:
>
> Whoever [] forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

18 U.S.C. 111(a). The Sixth Circuit has explained that the statute creates, by its somewhat clumsy terms, "three crimes: simple assault, punishable by up to one year's imprisonment; all other assaults, punishable by up to eight years' imprisonment; and assault in which the defendant uses a deadly or dangerous weapon or inflicts bodily injury, punishable by up to 20 years' imprisonment." *United States v. Zabawa*, 719 F.3d 555, 559 (6th Cir. 2013).

In *United States v. Gagnon*, 553 F.3d 1021 (6th Cir. 2009), the court of appeals untangled the language of the statute, discussed the elements of the various offenses defined thereunder, and illuminated the distinction between a misdemeanor and a felony. The main question on appeal in that case was whether a person could be convicted under the statute if the proofs did not establish a common-law assault. After parsing the statute's language, and in obedience to the command of statutory construction to avoid "interpretations that render language superfluous," *id.* at 1026 (quoting *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992)), the court held that "simple assault" as used in section 111(a) is a term of art that Congress intended to include not just an assault at common law, but also the acts of "assault[ing], resist[ing], oppos[ing], imped[ing], intimidat[ing],

or interfer[ing] with" a federal officer, *id.* at 1027.  The court also read the statute as requiring proof that a person committed one of the six prohibited acts "forcibly."  *Ibid.*

The misdemeanor offense in section 111(a), the *Gagnon* court held, requires proof that the defendant forcibly committed one of the six acts encompassed within the definition of "simple assault," "*without* the intent to cause physical contact or to commit a serious felony."  *Ibid.*  In reaching that conclusion, the court rejected the Ninth Circuit's interpretation of the statute in *United States v. Chapman*, 528 F.3d 1215, 1221 (9th Cir. 2008), which held that any conviction for either the misdemeanor or felony offenses defined under 18 U.S.C. 111(a) requires proof that the defendant committed some form of common law assault against a federal officer.  To prove the eight-year felony violation under section 111(a), the government must prove a "simple assault" plus " forcible physical contact or the intent to commit a serious felony."  *Gagnon*, 553 F.3d at 1027.  Explaining further, the court stated:

> Contrary to the Ninth Circuit's assertions, this reading would not make a felony out of cases where a defendant unlawfully resisted a federal agent where "the physical conduct is initiated by the arresting officer rather than the arrestee," [*Chapman*, 528 F.3d at 1221], because, in those cases, the arrestee would not have "forcibly" initiated the physical contact and would therefore instead be guilty of only a misdemeanor "simple assault" under the statute.  By contrast, if an arrestee resisted or interfered with covered officials by pushing, punching, or headbutting them, for example, he would be guilty of a felony . . . .

*Ibid.*

Here, the defendant argues that at most, the affidavit shows that if physical contact was made, it was initiated by the arresting officers.  But what the affidavit shows is beside the point.  In a motion to dismiss under Rule 12, the focus must be on "the pleadings," that is, the "indictment [or] the information."  Fed. R. Crim. P. 12(a).

-5-

The information in this case adequately charges a felony (with an eight-year maximum sentence) violation of 18 U.S.C. § 111(a), because (1) it alleges all of the essential elements of that offense: (a) forcible (b) resistance or opposition (c) against a federal officer in the performance of his or her duties, (d) where the defendant intentionally caused physical contact with the officer; and (2) it outlines the essential facts underlying the charge, alleged to have occurred on a specific date, such that the defendant could raise an acquittal or conviction on the present charge as a double-jeopardy defense to a subsequent prosecution.

Contrary to the defendant's reading of *Gagnon* and his reliance on *Chapman* (which *Gagnon* criticized), felony charging under section 111(a) is not limited only to those cases in which the defendant engaged in specific acts such as "pushing, punching, or headbutting" officers.  As the Sixth Circuit explained in *Gagnon*, the only essential elements that must be proven by the government are "forcible performance of any of the six proscribed actions in § 111(a)," along with "resulting physical contact from forcible (and thus intentional) action [by the defendant]."  *Gagnon*, 553 F.3d at 1027.  Here, the information alleges that the defendant "forcibly resist[ed] and oppose[d] ICE officers while they were engaged in the performance of their official duties," and it also charges that "during such resistance and opposition, the defendant['s] actions resulted in physical contact with said officers."  The information adequately states that the physical contact that resulted was caused intentionally by the defendant initiating forcible and intentional acts of resistance and opposition.  That language is sufficient under the statute to state a felony offense.

Based on his reading of officers' reports supporting the complaint, the defendant contends that the government will be unable to prove at trial that he in fact committed any intentional act of forcible resistance that resulted in physical contact with officers, and that the officers' reports

disclosed by the government suggest that the only contact that occurred was initiated by them, not the defendant.  Those arguments would be well taken in support of a motion under Rule 29 at the close of the government's proofs at trial, but they do not present a proper basis either for pretrial dismissal of Count II or for striking the language regarding "physical contact" from that count. *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001).

<div align="center">III.</div>

Count II of the information adequately states a felony offense under 18 U.S.C. § 111(a).

Accordingly, it is **ORDERED** that the motion to dismiss Count II of the information [dkt. #14] is **DENIED**.

<div style="margin-left: 40%;">
s/David M. Lawson

DAVID M. LAWSON

United States District Judge
</div>

Dated:   August 6, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 6, 2015.

s/Susan Pinkowski

SUSAN PINKOWSKI

---